```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

ERIC M. RICHARDSON,              :    CIV. NO. 20-1165 (RMB)
                                 :
          Petitioner              :
                                 :
     v.                           :    **MEMORANDUM AND ORDER**
                                 :
DAVID E. ORTIZ,                  :
                                 :
          Respondent              :

Petitioner Eric M. Richardson, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction and sentence for drug offenses, which was imposed in the United States District Court, District of Maryland on December 1, 2010. (Pet., Dkt. No. 1 at 1.) Petitioner's seeks to proceed without prepayment of the $5 filing fee ("*in forma pauperis*" or "IFP"), pursuant to 28 U.S.C. § 1915(a)(2). (IFP App., Dkt. No. 1-1.) Plaintiff's IFP application lacks the certified copy of his inmate trust account statement for the previous six months, as required by § 1915(a)(2). Therefore, the Court will administratively terminate this action, subject to reopening upon payment of the filing fee or submission of a properly completed IFP application.

While the Court can not conclusively screen the petition without payment of the filing fee or before granting Petitioner

IFP status, the Court notes that upon screening, it would dismiss the petition for lack of jurisdiction under § 2241. Petitioner asserts jurisdiction through the safety valve of 28 U.S.C. § 2255(e), which permits a prisoner to challenge his conviction and sentence in the district of confinement, rather than the sentencing court, when a § 2255 motion is an inadequate or ineffective remedy.

The Third Circuit has only recognized one type of claim that can proceed through the § 2255(e) safety valve. To fit within the safety valve, the claim must involve an intervening statutory interpretation by the Supreme Court, made retroactive, which creaates the potential that the prisoner was convicted of conduct that the law does not make criminal, and the prisoner is otherwise barred from challenging the legality of the conviction via motion to vacate, set aside, or correct sentence. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). Petitioner, who pled guilty, seeks to challenge his sentence under multiple Supreme Court cases, none of which the Third Circuit has recognized as an appropriate basis to proceed through the § 2255(e) safety valve.

**IT IS** on this **8th day of July 2020**,

**ORDERED** that the Clerk shall serve a blank copy of this Court's form "Affidavit of Poverty and Certification (HABEAS CORPUS)" on Petitioner by regular U.S. mail; and it is further

**ORDERED** that Petitioner may reopen this matter by submitting to the Clerk either the $5 filing fee or the completed IFP

2

application with certified trust account statement; and it is further

**ORDERED** that the Clerk shall administratively terminate this action; subject to reopening upon direction of the Court after receipt of the above described submission by Petitioner; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

<pre>                                    s/Renée Marie Bumb
                                    <b>RENÉE MARIE BUMB
                                    United States District Judge</b></pre>